## THEODORE F. HAGER, RESPONDENT, v. HENRY B CATLIN, APPELLANT.

*A promise of a public officer to appoint a person to a public office is void — As between private persons a promise to accept an office and perform the services constitutes a consideration for a promise to appoint.*

It is the duty of a sheriff, having power to appoint deputies, to make the best appointment in his power, according to his judgment at the time when he makes it, and a promise by him, though for a valuable consideration, to appoint a certain person to the office of deputy sheriff is void as against public policy.

*Quære,* as to whether, in any event, such a contract could be enforced at law, if the officer could, without cause, immediately remove the person from the office to which he claimed the right to be appointed.

In the case of a contract between two private persons for the hire of the services of one, the promise of the one to accept the office and render the services is a good consideration for the promise of the other to appoint him to it.

APPEAL from an order overruling a demurrer to the complaint, and from a judgment in favor of the plaintiff entered thereon.

The complaint alleged that at the general election, in November, 1877, the defendant was duly elected sheriff of the county of Schuyler, and on January 1, 1878, took the oath of office and entered upon and has ever since discharged his duties as such sheriff.

That at the request and earnest solicitation of the defendant, the plaintiff in or about the month of February, 1878, entered into a contract or agreement with the defendant, whereby in consideration that the plaintiff would rent or dispose of his residence and farming lands, and sell off and dispose of his farm stock, tools, implements, hay, grain and farm produce, and prepare and be in readiness by the 1st day of April, 1878, to move his family into the jailor's residence in said county buildings, and board the defendant at a reasonable price to be paid therefor by defendant, and take the care and charge of the jailor's residence, the jail and prisoners confined and to be confined in said jail, the defendant would appoint the plaintiff jailor or turnkey of said jail, and a deputy sheriff of the county of Schuyler, and the plaintiff should have the free use of the jailor's residence, barns and stables, and should board, feed and care for the prisoners confined in said jail, and have and receive to himself all of the proper costs, charges and fees therefor.

That pursuant to such agreement the plaintiff disposed of his residence and farming lands, stock, produce, etc., at a great sacrifice, and was on the first day of April, 1878, prepared and ready to move into said jailor's residence and take charge of the jail and prisoners and accept the appointment of deputy sheriff, and discharge his duties thereunder, and fully carry out the agreement on his part.

That the defendant wholly refused and neglected to perform said agreement on his part.

The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*O. P. Hurd,* for the appellant.

*M. J. Sunderlin,* for the respondent.

LEARNED, P. J. :

The alleged contract of the defendant was to appoint the plaintiff a deputy sheriff and jailor. The plaintiff's agreement was to accept that office. All the other matters were incidental and could not be performed without the making of the appointment.

The allegation as to the disposing of the farm is important, only as it may show a consideration for the promise and may increase the damages. If the contract is legal in its nature, any valuable consideration is enough. If this were the case of a contract between two private parties for the hire of services, the mutual agreements would be a sufficient consideration for the contract. Hence it follows that, if the present contract were legal in its nature, the promise to accept would be a good consideration for the promise to appoint. And thus the question here involved amounts to this : if a public officer having a power to appoint to office, promises to appoint a certain person, and that person promises to accept, is that contract legally binding on the officer having the power of appointment ? Suppose a vacancy should occur in the Court of Appeals, and the governor should promise to appoint a certain lawyer, and that lawyer should promise to accept, and in anticipation of so doing should give up his professional business, and suppose the governor should not make this appointment, would he be liable for damages ?

I think not. It is the duty of the officer having a power of appointment to make the best appointment in his power according to his judgment *at the time when he makes the appointment.* The public have a right to demand this. And it is against public policy that he should be deprived of the exercise of his best judgment by a contract previously made. If he has promised the office to one person and has since discovered that the public will be better served by another, he must be at liberty to make the better appointment. And that too, although no such absolute disqualification may exist in regard to the person to whom it was first promised, as would form a defence to an action for damages, if such action could be maintained on the promise.

Whatever may be the practice, appointments are in theory made for the public good. That is the reason why the appointee may not purchase his office. In a similar way, though not to the

same extent, the public good would be injured if a promise to make an appointment were held to be legally binding, so as to control the exercise of that judgment which the appointing officer ought to exercise when he makes the appointment.

This is not a question as to the lawfulness of arrangements between the sheriff and his deputies as to their fees. (*Mott* v. *Robbins*, 1 Hill, 21; *Becker* v. *Ten Eyck*, 6 Paige, 68.) The fees may be his. But the right of appointment is not the property of the appointing officer. And he has no right to barter it, or to dispose of it. It is merely a political power entrusted to him; to be exercised, not to be sold.

In this particular case there is, I think, another difficulty. It is admitted that the sheriff, having appointed the plaintiff might, without cause, remove him the next moment. In the view of the court below this right affects only the question of damage. But can that be called a contract enforceable at law, on which, under no circumstances, can anything but nominal damages be recovered? If the alleged promise would be fulfilled by an appointment which would last only a moment and which would be utterly valueless to the plaintiff, will the law treat this as a contract on which an action can be maintained?

But however this may be, in my opinion this contract is against public policy and void for the reason I have given. It is not necessary to examine whether the agreement to board the defendant at a reasonable price, as a consideration for the appointment, may not bring the contract within the statute. (2 R. S. [m. p.], 696, sec. 35.)

The judgment should be reversed and judgment given for defendant on demurrer, with costs.

BOARDMAN, J., dissented.

Present — LEARNED, P. J., BOARDMAN and FOLLETT, JJ.

Judgment reversed and judgment given for the defendant on the demurrer, with costs, with leave to plaintiff in twenty days to amend on payment of costs.